Per Curiam:
This case was referred pursuant to Buie 54(h) to Trial Commissioner Mastín Gr. White with directions to make recommendation for conclusions of law on defendant’s motion and plaintiff’s cross-motion for summary judgment. The commissioner has done so in an opinion filed on February 11, 1966. A request for review of the commissioner’s recommended conclusion of law was filed by plaintiff pursuant to Buie 55(b) (3) and the case was submitted to the court on defendant’s response to plaintiff’s request for review, the papers and briefs previously filed by the parties and oral .argument of counsel. Since the court is in agreement with the opinion and recommendation of the commissioner, with modifications, it hereby adopts the same, as modified, as the basis for its judgment in this case as hereinafter set forth. Therefore, defendant’s motion for summary judgment is allowed, plaintiff’s cross-motion is denied .and plaintiff’s petition is dismissed.
Commissioner White’s opinion,* as modified by the court, is as follows:
This is a pay case in which the plaintiff sues for the difference between the amount Which he received from the defendant as salary for the period from July 10,1960, to July 4,1964, at the rate of $19,000 per annum, and the amount which he *493 says be was entitled to receive for that period at the salary rate of $20,000 per annum. During the period in question, the plaintiff occupied the position of Administrative Assistant Secretary of the Interior.
The action was instituted by the plaintiff on August 11, 1965, and the defendant’s .answer was filed on October 8,1965. The defendant filed a motion for summary judgment on November 9, 1965, and the plaintiff filed a cross-motion for summary judgment on December 10, 1965.
The parties have agreed on all the facts that are material to the issue of liability. Consequently, the issue of liability may properly be disposed of on the pending cross-motions for summary judgment under Buie 64(d).
It is my opinion that the plaintiff, under the facts agreed to by the parties, is not entitled to recover.
The position of Administrative Assistant Secretary of the Interior was originally established by Beorganization plan No. ¿5 of 1950 (64 Stat. 1262). Section 4 of that plan provided as follows:
Sec. 4. Administrative Assistant Secretary. — There shall be in the Department of the Interior an Administrative Assistant Secretary of the Interior, who shall be appointed, with the approval of the President, by the Secretary of the Interior under the classified civil service, who shall perform such duties as the Secretary of the Interior shall prescribe, and who shall receive compensation at the rate of $14,000 per annum.
The final portion of Section 4 of Beorganization Plan No. 3 of 1950, fixing a specific salary of $14,000 per annum for the Administrative Assistant Secretary of the Interior, w,as superseded by a provision in the Act of June 5,1952 (66 Stat. 101,121), which declared “That (1) the position of Administrative Assistant Secretary of the Treasury * * *, the position of Administrative Assistant Attorney General * * *, the position of Administrative Assistant Secretary of the Interior established by Beorganization Plan Numbered 3 of 1950, the position of Administrative Assistant Secretary of Commerce * * *, and the position of Administrative Assistant Secretary of Labor * * * shall be subject to the Classification Act of 1949, as amended, [and] shall be placed in the *494 highest grade set forth in the general schedule of such Act * * *.”
At the time when the Act of June 5, 1962, was enacted, Section 601 of the Classification Act of 1949 (68 Stat. 954, 959) established for Federal positions in the classified service a general schedule (GS) and a crafts, protective, and custodial schedule (CPC). Section 602 dealt with the general schedule, and the highest grade provided for in that section was GS-18 (63 Stat. at pages 963-964). The salary figures for positions in the GS series were set out in Section 603 (b) of the Classification Act of 1949, as amended by Section 1(a) of the Act of October 24,1951 (65 Stat. 612), and that section fixed a salary of $14,800 per annum for positions in grade GS-18. Consequently, the June 1952 action by Congress in placing the position of the Administrative Assistant Secretary of the Interior in grade GS-18 under the Classification Act of 1949 had the effect of increasing the salary of the position from $14,000 per annum, which the Administrative Assistant Secretary had been receiving under Section 4 of Eeorganization Plan No. 3 of 1950, to $14,800 per annum.
The plaintiff was appointed to the position of Administrative Assistant Secretary of the Interior in September 1952, when the salary of the position was $14,800 per annum by virtue of being in grade GS-18.
The salary rate for positions in grade GS-18, including the position of the Administrative Assistant Secretary of the Interior, was increased to $16,000 per annum by means of a further amendment to Section 603(b) of the Classification Act of 1949 that was made by Section 114(a) of the Federal Executive Pay Act of 1956 (70 Stat. 736,740).
The position of the Administrative Assistant Secretary of the Interior remained in grade GS-18 under the Classification Act of 1949 until the position was taken out of that grade by Section 205 of the Public Works Appropriation Act, 1958 (71 Stat. 416, 423), which provided in part as follows:
Sec. 205. After August 31, 1957, * * * the salary of the Administrative Assistant Secretary of the Department of the Interior shall be the same as the Solicitor of the Department of the Interior.
*495 As of September 1, 1957, when Section 205 of the Public Works Appropriation Act, 1958, became effective with respect to the position of the Administrative Assistant Secretary of the Interior, the salary of the Solicitor of the Department of the Interior was fixed at $19,000 per annum by Section 106(b) of the Federal Executive Pay Act of 1956 (70 Stat. 786, 739). That section stated that “The annual rate of basic compensation of each of the offices or positions listed in this subsection shall be $19,000,” and then listed nine offices or positions, the last being, “(9) Legal adviser, solicitor, or general counsel of an executive or military department (excluding the Department of Justice).” Therefore, the plaintiff’s salary as Administrative Assistant Secretary of the Interior was increased to $19,000 effective September 1, 1957, in accordance with Section 205 of the Public Works Appropriation Act, 1958, which tied the salary of the plaintiff’s position to the salary of the Solicitor of the Department of the Interior.
The next statutory enactment that referred to the compensation of the Administrative Assistant Secretary of the Interior was Section 3 (b) of the Act of September 23, 1959 (73 Stat. 650, 651), which provided as follows:
(b) Section 106(b) of * * * [the Federal Executive Pay Act of 1956], which prescribes an annual rate of basic compensation of $19,000 for certain positions? is amended by adding at the end thereof the following paragraphs:
(10) Deputy Commissioner of the Internal Eevenue Service.
(11) Chief Counsel of the Internal Eevenue Service.
(12) Administrative Assistant Attorney General.
(13) Administrative Assistant Secretary of the Interior.
(14) Administrative Assistant Secretary of Agriculture.
(15) Administrative Assistant Secretary of Labor.
(16) Administrative Assistant Secretary of the Treasury.
The Administrative Assistant Secretary of the Interior had been receiving a salary of $19,000 prior to September 23, 1959, since the salary of that position had been tied to *496 the salary of the Solicitor of the Department of the Interior by Section 205 of the Public Works Appropriation Act, 1958, and the salary of the solicitor was fixed at $19,000 per annum by Section 106(b) (9) of the Federal Executive Pay Act of 1956. The Administrative Assistant Secretary of the Interior continued to receive a salary of $19,000 after the enactment of Section 3 (b) of the Act of September 23,1959.
Section 106(a) of the Federal Executive Pay Act of 1956 had fixed an annual salary rate of $20,000 for ,a number of specified positions; and in the summer of 1960, Section 201 of the Act of July 1, 1960 (74 Stat. 296, 304) amended Section 106(a) of the Federal Executive Pay Act of 1956 by adding the following to the list of positions covered by 106 (a), “(46) Legal adviser, solicitor, or general counsel of an executive department (excluding the Department of Justice).” [1] Pursuant to this amendment, the salary of the Solicitor of the Department of the Interior was increased from $19,000 to $20,000 per annum effective July 10,1960.
The Administrative Assistant Secretary of the Interior continued to receive a salary of $19,000 per annum after July 10,1960, and until July 4,1964.
Effective July 4,1964, both the position of the Solicitor of the Department of the Interior and the position of the Administrative Assistant Secretary of the Interior were affected by the Government Employees Salary Reform Act of 1964 (78 Stat. 400). Section 302 of that Act (78 Stat. at page 415) established a new basic compensation schedule to be known as the Federal Executive Salary Schedule, which was divided into five salary levels. Section 303 assigned positions to the various salary levels and fixed the rate of compensation for the several positions included in each level. Subsection (d) of 303 related to level IV and fixed an annual salary of $27,000 for the positions in this level, one of which was, “ (42) Solicitor of the Department of the Interior” (78 Stat. at page 418). Subsection (e) of 303 related to level V and fixed an annual salary of $26,000 for the positions in this level, one of which was, “(25) Assistant Secretary of the Interior for Administration” (78 Stat. at page 420). Section 307 *497 changed the title of the position with which we are concerned to “Assistant Secretary of the Interior for Administration” (78 Stat. at page 432) [2]
The court in the present case is called upon to decide the question of the proper salary that was payable to the plaintiff as Administrative Assistant Secretary of the Interior during the period between July 10, 1960, when the salary of the Solicitor of the Department of the Interior was increased from $19,000 to $20,000, and July 4, 1964, when the salary of the Solicitor and the salary of the plaintiff as Assistant Secretary of the Interior for Administration (formerly Administrative Assistant Secretary of the Interior) were fixed at new levels of $27,000 per annum and $26,000 per annum, respectively.
It will be noted that, during the period in question, there were on the statute books two statutory provisions which referred specifically to the position of the Administrative Assistant Secretary of the Interior and purported to cover the subject of the salary of that position. One was Section 205 of the Public Works Appropriation Act, 1958, which declared that “After August 31, 1957, * * * the salary of the Administrative Assistant Secretary of the Department of the Interior shall be the same as the Solicitor of the Department of the Interior.” This provision, if it continued to be effective during the period July 10, 1960-July 4,1964, entitled the Administrative Assistant Secretary of the Interior to receive a salary of $20,000 per annum, since the salary of the Solicitor of the Department of the Interior was $20,000 per annum during the particular period. The other statutory provision was Section 106(b) of the Federal Executive Pay Act of 1956, as amended by Section 3 (b) of the Act of September 23,1959, which declared that “The annual rate of basic compensation of each of the offices or positions listed in this subsection shall be $19,000,” and expressly listed, “(13) Administrative Assistant Secretary of the Interior,” among the specified offices or positions. This provision, if effective during the period July 10,1960-July 4, *498 1964, expressly fixed the salary of the Administrative Assistant Secretary of the Interior at $19,000 per annum.
The two statutory provisions referred to in the preceding paragraph — the earlier of which would entitle the Administrative Assistant Secretary of the Interior to a salary of $20,000 per annum for the period in question and the later of which expressly fixed the salary of the position at $19,000 per annum for the same period — are clearly inconsistent with each other. Both of them cannot possibly be given effect with respect to the period of time that is involved in the present case. In such a situation, the rule is that the later of the two irreconcilable declarations of the legislature must prevail, as it is regarded as an implied repeal of the earlier provision. United States v. Yuginovich, 256 U.S. 450, 463 (1921) ; 1 Sutherland, Statutory Construction §§ 1922, 2012 (3rd ed. 1943).
In the present case, Section 106(b) of the Federal Executive Pay Act of 1956, as amended by Section 3 (b) of the Act of September 23, 1959, was the later of the two clearly inconsistent statutory provisions that related to the compensation of the Administrative Assistant Secretary of the Interior; and it must be regarded as having impliedly repealed the repugnant portion of Section 205 of the Public Works Appropriation Act, 1958. Therefore, the plaintiff, as the Administrative Assistant Secretary of the Interior, was properly paid a salary of $19,000 per annum during the period July 10,1960-July 4,1964 in accordance with Section 106(b) of the Federal Executive Pay Act of 1956, as amended by Section 3 (b) of the Act of September 23,1959.
It is a matter of some interest to note that, prior to the enactment of the amendatory Section 3(b) of the Act of September 23,1959, there had been a history of implied repeals in connection with the compensation of the Administrative Assistant Secretary of the Interior. For example, when the Act of June 5, 1962, declared “That * * * the position of Administrative Assistant Secretary of the Interior * * * shall be subject to the Classification Act of 1949, as amended, [and] shall be placed in the highest grade [GS-18] set forth in the general schedule of such Act,” there was no express re *499 peal of the earlier provision in Section 4 of Reorganization Plan No. 3 of 1950 which stated that the Administrative Assistant Secretary of the Interior “shall receive compensation at the rate of $14,000 per annum.” However, the two provisions mentioned in the preceding sentence were clearly inconsistent with each other, since the salary fixed for positions in grade GS-18 under the Classification Act of 1949, as amended, was $14,800 per annum, in contrast to the salary of $14,000 per annum fixed for the Administrative Assistant Secretary of the Interior by Section 4 of Reorganization Plan No. 3 of 1950. Consequently, the provision in the Act of June 5,1952, being later in point of time, acted as an implied repeal of the repugnant portion of Section 4 of Reorganization Plan No. 3 of 1950, with the result that the salary of the Administrative Assistant Secretary of the Interior was increased from $14,000 per annum to $14,800 per annum.
Similarly, when Section 205 of the Public Works Appropriation Act, 1958, declared that “After August 31, 1957, * * * the salary of the Administrative Assistant Secretary * * * shall be the same as the Solicitor of the Department of the Interior,” there was no express repeal of the earlier provision in the Act of June 5,1952, that had placed the position of the Administrative Assistant Secretary of the Interior in grade GS-18 under the Classification Act of 1949. However, the two provisions were irreconcilable, since the salary fixed for positions in grade GS-18 at the time was $16,000 per annum and the salary of the Solicitor of the Department of the Interior at the time was $19,000 per annum. Consequently, Section 205 of the Public Works Appropriation Act, 1958, as the later expression of the legislature, impliedly repealed the inconsistent portion of the Act of June 5, 1952, with the result that the salary of the Administrative Assistant Secretary of the Interior was increased from $16,000 per annum to $19,000.
Therefore, it will be seen that the implied repeal of the portion of Section 205 of the Public Works Appropxúation Act, 1958, relating to the compensation of the Administrative Assistant Secretary of the Interior by the later and clearly inconsistent provision in Section 106(b) of the Fed *500 eral Executive Pay Act of 1956, as amended by Section 3 (b) of the Act of September 23, 1959>, was not anything unusual in the historical evolution of the compensation attached to the position of the Administrative Assistant Secretary of the Interior.
A fundamental objective of Federal pay legislation is to provide compensation at the same level for similar positions. This objective was undoubtedly the basis for the provision in the Act of June 5, 1952, which placed the position of the Administrative Assistant Secretary of the Interior, along with the positions of the other Administrative Assistant Secretaries and the position of the Administrative Assistant Attorney General, in grade GS-18 under the Glassification Act of 1949'. On the other hand, the portion of Section 205 of the Public Works Appropriation Act, 1958, which took the position of the Administrative Assistant Secretary of the Interior out of grade GS-18 and provided for the payment of a higher salary to the occupant of that position, without affecting the compensation of the other Administrative Assistant Secretaries and the Administrative Assistant Attorney General, was a departure from the principle just mentioned. This deviation from the normal pattern was rectified when Section 3 (b) of the Act of September 23,1959, once more placed the Administrative Assistant Secretary of the Interior in the same pay level with the other Administrative Assistant Secretaries and the Administrative Assistant Attorney General.[3] The purpose of Congress in enacting Section 3 (b) was to reestablish the relationship in the matter of compensation that had traditionally been maintained between the Administrative Assistant Secretaries and the Administrative Assistant Attorney General, on the one hand, and the Assistant Secretaries of the executive departments, on the other hand, with the first category of positions being *501 assigned an annual salary $1,000 below the salary assigned to the positions in the second category. S. Hep. No. 488, 86th Cong, at page 2.[4]
The plaintiff contends, however, that the portion of Section 205 of the Public Works Appropriation Act, 1958, which tied the salary of the Administrative Assistant Secretary of the Interior to the salary of the Solicitor of the Department of the Interior was not affected by Section 3(b) of the Act of September 23,1959, because the Senate report cited in the preceding paragraph, after stating the purpose of the provision relative to the compensation of the Administrative Assistant Secretaries and the Administrative Assistant Attorney General, added the following paragraph:
Although the position of Administrative Assistant Secretary of Interior is included in the language of the bill, it would have no effect on the salary of this position because Public Law 85-167, section 205, of August 26, 1957, increased the compensation of this position to $19',000.
The paragraph just quoted from the Senate report was merely a statement of an existing fact for the information of the Congress. The salary of the Administrative Assistant Secretary of the Interior had indeed been increased to $19,000 in accordance with Section 205 of the Public Works Appropriation Act, 1958 (Public Law 85-167, 85th Cong.). Consequently, Section 3(b) of the Act of September 23, 1959, in amending Section 106 (b) of the Federal Executive Pay Act of 1956 so as to add the several Administrative Assistant Secretaries and the Administrative Assistant Attorney General to the list of positions for which a salary of $19,000 per annum was fixed by 106(b), did not have any effect, as the report stated, on the salary which the Admin *502 istrative Assistant Secretary of the Interior was receiving at the time.[5]
Since the plaintiff, as Administrative Assistant Secretary of the Interior, was properly paid a salary of $19,000 per annum during the period July 10, 1960-July 4, 1964 in accordance with Section 106(b) of the Federal Executive Pay Act of 1956, as amended by Section 3(b) of the Act of September 23, 1959, he is not entitled to recover any additional pay for that period in the present action.
It necessarily follows that the defendant’s motion for summary judgment should be allowed, that the plaintiff’s cross-motion for summary judgment should be denied, and that the petition should be dismissed.

The opinion and recommended conclusion of law are submitted pursuant to order of the court under Itule 54(b). The facts are stated in the opinion.

 An appropriate change was also made to remove these positions from Sec tion 106(b) (9) of the Federal Executive Pay Act of 1956.

 Section 305 of the Government Employees Salary Reform Act of 1964 (78 Stat. at pages 422-428) expressly repealed 62 obsolete statutory provisions in the field of pay legislation, and one of them (at page 427) was Section 205 of the Public works Appropriation Act, 1958.

 This purpose of Congress was made even clearer in 1960 when the Act of July 1, 1960, supra, which raised the salary of the Solicitor of the Department of the Interior to $20,000, likewise provided a new Administrative Assistant Secretary of Health, Education, and Welfare at $19,000, the same pay as the other Administrative Assistant Secretaries. The Committee Report (S. Rep. No. 1590, 86th Congress, 2nd Sess., p. 2) stated that “the position of Administrative Assistant Secretary is established in the Department of Health, Education, and Welfare on the same basis as it exists in the other departments".

 Section 3(b) originated as Section 4(a) of S. 1845, 86th Cong., as that bill was reported by the Senate Committee on Post Office and Civil Service (105 Cong. Ree. 14622). The number and format of the provision, but not the substance, were changed during the course of the progress of the bill through the House of Representatives. The report of the House Committee on Post Office and Civil Service relative to S. 1845 is set out in H.R. Rep. No. 1138, 86th Cong. Comments by the Chairman of the Civil Service Commission concerning the provision with which we are concerned, copied at page 17 of the report, are of special interest.

 Section 205 was specifically repealed, along with other statutes, by the Government Employees Salary Reform Act of 1964 (see footnote 2, supra), but this express repealer does not show that the section remained operative until that time, insofar as plaintiff was concerned. In the first place, the repealing section of the 1964 Act was devoted mainly to provisions recognized by Congress to be clearly obsolete. Secondly, Section 205 referred not only to plaintiff’s office but also to two other, entirely separate, offices.