UNION PACIFIC RAILROAD COMPANY and Affiliated Companies

v.

The UNITED STATES.

No. 311–84T.

United States Claims Court.

Nov. 21, 1986.

James P. Holden, Washington, D.C., for plaintiff.

Theodore D. Peyser, Washington, D.C., with whom was Asst. Atty. Gen. Roger M. Olsen, for defendant.

## OPINION

MARGOLIS, Judge.

Defendant brought this counterclaim to collect interest in the amount of $10 million that it allegedly erroneously paid to the plaintiff, Union Pacific Railroad Company.* The sole issue before the court is whether the increased interest rates imposed by the Act of January 3, 1975 (Act of 1975), the Economic Recovery Tax Act of 1981 (ERTA) and the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA) apply to tax amounts determined under the Internal Revenue Code of 1939. The parties have cross moved for summary judgment. After considering the entire record and hearing oral argument, the court grants the plaintiff's motion for summary judgment on the defendant's counterclaim and denies the defendant's motion.

## FACTS

Plaintiff overpaid its income and excess profits taxes for the years 1943 through 1953, years governed by the 1939 Code. Defendant returned the overpayments to the plaintiff between 1978 and 1985 and paid interest computed in accordance with the higher interest rates imposed by the Act of 1975, ERTA and TEFRA. Defendant now asserts that these higher interest rates are not applicable to outstanding tax amounts under the 1939 Code and that it therefore erroneously applied these rates in determining the amount of interest owed. Defendant seeks to recover the excess interest paid.

## DISCUSSION

Section 7851 of the Internal Revenue Code of 1954 states that except for those provisions contained in subparagraphs (B) and (C) of section 7851(a)(6), the rules of the 1939 Code, not the rules of 1954 Code, apply to outstanding 1939 Code taxes. Since Chapter 67 of the 1954 Code contains rules pertaining to interest and is not included in subparagraphs (B) or (C), section 7851 suggests that interest on 1939 Code amounts is to be determined in accordance with 1939 Code provisions.

Initially, the interest rate imposed by both the 1939 and 1954 Codes was 6 percent per year, and thus it mattered little which Code governed computations. *Compare* 26 U.S.C. § 3771 (1940) (Internal Revenue Code of 1939) *with* 26 U.S.C. § 6611

---

* The plaintiff brought this action to recover statutory interest in the amount of $72.8 million on overpayments of federal excess profits taxes and overpayments of federal income taxes for 1943–45.

(1958) (Internal Revenue Code of 1954). In fact, a 6 percent rate on refunds had been in effect since 1921, and a 6 percent rate on underpayments or nonpayments of tax had been in effect since 1935. S.Rep. No. 1357, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 7478, 7495. Thus, section 6611 of the 1954 Code merely continued the interest rate in effect under section 3771 of the 1939 Code.

Historically, the 6 percent interest rate was meant to be higher than the prevailing money market rate to encourage taxpayers to pay their taxes promptly and the Government to refund overpayments promptly. In 1975, Congress concluded that the 6 percent simple interest rate was so far below the prevailing market rate that it increased the interest rate on taxes to 9 percent. Act of Jan. 3, 1975, Pub.L. No. 93–625, § 7, 88 Stat. 2108, 2114–16. The Economic Recovery Tax Act of 1981 (ERTA) subsequently provided for the interest rate to be adjusted to 100% of the prime lending rate. Economic Recovery Tax Act of 1981, Pub.L. No. 97–34, § 711(b), 95 Stat. 172, 340 (1981). In 1982, TEFRA added section 6622 which required daily compounding of interest. Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, § 344, 96 Stat. 324, 635–38 (1982).

Defendant asserts that the Act of 1975, ERTA and TEFRA amended only the 1954 Code, not the 1939 Code, and that because of the operation of 1954 Code section 7851, the 1939 Code interest rate of 6 percent still applies to amounts determined under the 1939 Code. Defendant also contends that the increased rates cannot be applied to 1939 Code amounts by implication, since "interest can be recovered against the United States only if express consent to such recovery has been given by Congress." *United States v. N.Y. Rayon Importing Co.,* 329 U.S. 654, 658–59, 67 S.Ct. 601, 603–04, 91 L.Ed. 577 (1947). However, the issue here is not whether interest runs against the government, but rather how to compute the interest. Immunity from the payment of interest has already been waived. *See J.F. Shea Company v. United States,* 754 F.2d 338, 340 (Fed.Cir.1985).

Although the legislation did not specifically refer to the 1939 Code, it is apparent from the statutes and their legislative histories that increased interest rates were meant to apply to all taxes outstanding on the effective dates of the legislation (respectively, July 1, 1975 (Act of 1975); August 13, 1981 (ERTA); and January 1, 1983 (TEFRA)). While section 7851 arguably requires use of the 6 percent simple interest rate for 1939 Code tax amounts, where Congress enacts a law which is inconsistent in whole or part with a prior law, "the rule is that the later of the two irreconcilable declarations of the legislature must prevail, as it is regarded as an implied repeal of the earlier provision." *Beasley v. United States,* 176 Ct.Cl. 491, 498 (1966). To assert that there has been an implied repeal, "[t]here must be 'a positive repugnancy between the provisions of the new law, and those of the old; and even then the old law is repealed by implication only *pro tanto* to the extent of the repugnancy.'" *United States v. Borden Co.,* 308 U.S. 188, 198–99, 60 S.Ct. 182, 188–89, 84 L.Ed. 181 (1939).

### A. *Statutory Language*

▮ The interest amendments in the Act of 1975 include an effective date provision which states that "[t]he amendments made by this section shall take effect on July 1, 1975, and apply to *amounts outstanding on such date or arising thereafter.*" Act of Jan. 3, 1975, Pub.L. No. 93–625, § 7(e), 88 Stat. 2108, 2116 [emphasis added]. Also, TEFRA's section 6622 provides that "the amendments made by this section shall apply to interest accruing after December 31, 1982." Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, § 344(c), 96 Stat. 324, 635–36 (1982). These amendments indicate that henceforth, the higher interest rates apply to outstanding tax amounts regardless of when they were determined.

The Act of 1975 also amended section 2411 of the Judicial Code by increasing the interest rate on any overpayment of tax

determined by a court. Act of Jan. 3, 1975, Pub.L. No. 93–625, § 7(a)(2), 88 Stat. 2108, 2114–15 (1975) (codified as amended at 28 U.S.C. § 2411 (1982)). If the 6 percent rate applies to administratively-determined 1939 Code overpayments while the post–1975 rates apply to judicially-determined 1939 Code overpayments, taxpayers who pursue and receive a judicial determination would be entitled to interest at higher rates than those who resolve a disputed 1939 Code overpayment through administrative settlement. Not only is such an inconsistent result undesirable, but the Supreme Court has specifically cautioned against such unequal treatment. The Court has stated that "[w]e should be slow to attribute to Congress a purpose producing such unequal treatment among taxpayers, resting on no rational foundation." *United States v. Gilmore*, 372 U.S. 39, 48, 83 S.Ct. 623, 629, 9 L.Ed.2d 570 (1963).

### B. *Legislative History*

█ The legislative histories accompanying the Act of 1975, ERTA and TEFRA further provide that the increased rates apply to *all* outstanding tax amounts. The Senate Report accompanying the Act of 1975 states that "[t]he increased rates apply to a tax liability which initially arises on and after July 1, 1975, and to a liability which arose before that date and continues outstanding in part or whole thereafter (but only on the portion that remains outstanding after July 1, 1975)." S.Rep. No. 1357, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 7478, 7498. The Senate Report also states that the Act "amends the United States Code (28 U.S.C. sec. 2411(a)) to increase from 6 to 9 percent the interest rate to be paid by the Government on a judgment for *any* overpayment of tax." *Id.* at 7497 [emphasis added]. Also, the Senate Report accompanying TEFRA states that "all interest payable under the internal revenue laws will be compounded daily." S.Rep. No. 494, 97th Cong., 2d Sess., *reprinted in* 1982 U.S.Code Cong. & Ad.News 781, 1047. Similarly, see 1981 U.S.Code Cong. & Ad.

News 105, 349 (interest rate set at 100% of prime rate under ERTA).

The legislative histories make it clear that these amendments were enacted to make the tax interest rate coincide more closely with the actual cost of borrowing in order to encourage timely refunds and tax payments and to make certain that "borrowing" through non-payment of tax is no more attractive than other forms of borrowing. The Act of 1975 Senate Report stated:

Historically the 6 percent tax interest rate has been higher than the prevailing money market interest rate.... The purpose for this differential was to provide an incentive for the taxpayer to pay his tax promptly and for the Government to credit or refund overpayments promptly. However, money market rates are currently (and for several years have been) at significantly higher levels than 6 percent.... There is little expectation that commercial interest rates will return to a rate lower than 6 percent in the foreseeable future. As a result, the present statutory interest rate no longer serves the purposes for which it was originally intended.

S.Rep. No. 1357, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 7478, 7495–96. *See* Joint Comm. on Taxation, 97th Cong., 1st Sess., General Explanation of the Economic Recovery Tax Act of 1981, 328–29 (1981).

### C. *Administrative Practice*

█ In addition to the statutory language and legislative history, administrative practice is also relevant to the construction of a statute. *Hanover Bank v. Commissioner*, 369 U.S. 672, 686–87, 82 S.Ct. 1080, 1088–89, 8 L.Ed.2d 187 (1962). *See Vogt v. United States*, 210 Ct.Cl. 246, 252–53, 537 F.2d 405, 409 (1976). Plaintiff alerts the court to five cases, including plaintiff's case, in which the defendant has computed interest on 1939 Code amounts at the *increased* rates after the effective date of the Act of 1975. From 1978 to 1985, the defendant, in at least ten instances, computed plaintiff's interest at the increased

rate. Defendant presents no cases in which it computed interest at the 6 percent rate on 1939 Code amounts outstanding after June 30, 1975. Defendant asserts that a 1954 Revenue Ruling (Rev.Ruling 54–426, 1954–2 Cum.Bul. 39) is evidence of its administrative practice. The ruling states that the general interest provisions of the 1954 Code do not apply to the taxes imposed under the Internal Revenue Code of 1939. As to such taxes, the interest provisions of the 1939 Code continue in effect. However, this ruling was promulgated when there was no difference in the interest rates under the 1939 and 1954 Codes. As plaintiff has shown, the ruling is not indicative of defendant's practice after 1975.

## CONCLUSION

The language of the statutes, legislative histories, and administrative practice indicate that the higher interest rates apply to all outstanding tax amounts, regardless of whether they were imposed under the 1954 Code or the 1939 Code. Not to apply the increased interest rates to 1939 Code tax amounts would frustrate the purpose of the Act of 1975, ERTA and TEFRA and create results inconsistent with what Congress clearly intended.

Plaintiff's motion for summary judgment on defendant's counterclaim is granted. Defendant's motion is denied.