**Phillip PURER; Winifred Purer,
Plaintiffs–Appellants,**

v.

**UNITED STATES of America,
Defendant–Appellee.**

No. 88–5870.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1989.

Memorandum March 6, 1989.

Opinion April 4, 1989.

Willard D. Horwich, Horwich & Main, Los Angeles, Cal., for plaintiffs-appellants.

Barbara I. Hodges, Asst. Atty. Gen., Tax Div., Washington, D.C., for defendant-appellee.

Before FLETCHER, PREGERSON and LEAVY, Circuit Judges.

LEAVY, Circuit Judge:

In this appeal from the district court's denial of a claim for refund of allegedly overpaid income taxes, the appellants contend that the Internal Revenue Service misinterpreted a statute that changed the manner in which interest on deficiencies was calculated, and was estopped from claiming a portion of the accumulated interest on the appellants' tax deficiency. We review *de novo, see First American Title Ins. Co. v. United States*, 848 F.2d 969, 970 (9th Cir.1988), and we affirm.

Prior to January 1, 1983, the Internal Revenue Service imposed simple statutory interest on unpaid taxes; after December 31, 1982, interest on tax deficiencies was to be determined by reference to a floating rate and compounded daily. *See* 26 U.S.C. §§ 6601(a); 6621; 6622(a). The appellants argue that the above change applies only to the principal due on pre–1983 tax deficiencies and not to any accumulated interest. This position is without merit.

There is nothing in any of the above statutes which supports the appellants' argument. Similarly, the effective date provision of Pub.L. No. 97–248, § 344(c), 96 Stat. 635 (1982), which says that "[t]he amendments made by this section shall apply to interest accruing after December 31, 1982," does not say that the new method of calculating interest will apply only to pre–1983 principal. Indeed, the legislative history of section 6622 directly contradicts the appellants' interpretation. *See, e.g.,* Conf. Rep., H.R.Rep. No. 760, 97th Cong., 2d Sess. 595–96, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1367–68 ("This compounding requirement would apply to interest accruing after December 31, 1982, on amounts (including interest) remaining unpaid after that date"; "[i]n a case in which the principal portion of an obligation is satisfied, and interest remains outstanding, such interest will, of course, be com-

**278**

pounded"). *Accord, see Union Pacific R.R. Co. v. United States,* 11 Cl.Ct. 177, 179–80 (1986); *United States v. Wodtke,* 627 F.Supp. 1034, 1043 (N.D.Iowa 1985); *Mertens Law of Fed. Income Tax., Comm.* § 6622:1 ("The compounding requirement applies in determining interest after December 31, 1982, on any amount, whether principal or interest, owing on or after January 1, 1983") (footnote omitted). *See also,* 26 C.F.R. § 301.6622–1(c)(1) ("The unpaid interest ... that shall be compounded daily includes the interest ... accrued but unpaid on December 31, 1982"). There was no error on this point.

With respect to the appellants' second argument, we note that

> [a] party seeking to raise estoppel against the government must establish "affirmative misconduct going beyond mere negligence"; even then, "estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability."

*Wagner v. Director, Fed. Emergency Mgmt. Agency,* 847 F.2d 515, 519 (9th Cir. 1988). In light of the fact that the amount of time involved was not great and the appellants retained possession and full use of their money in the interim, whatever delay may be attributed to the Internal Revenue Service does not rise to the level of "affirmative misconduct going beyond mere negligence." *Id.* Accordingly, we find no error on this point, either.

AFFIRMED.