J. Bradley **COHN and Elizabeth R. Cohn,** on behalf of themselves and all others similarly situated, **Plaintiffs--Appellants,**

v.

**UNITED STATES of America,** Defendant–Appellee.

No. 985, Docket 88–6320.

United States Court of Appeals, Second Circuit.

Argued April 3, 1989.

Decided April 13, 1989.

Michael Bray, New York City (J. Bradley Cohn, of counsel), for plaintiffs-appellants.

Gabriel W. Gorenstein, Asst. U.S. Atty., for S.D.N.Y. (Benito Romano, U.S. Atty. and Nancy Kilson, Asst. U.S. Atty., for S.D.N.Y., New York City, of counsel), for defendant-appellee.

Before PRATT and MINER, Circuit Judges.

PER CURIAM:

J. Bradley Cohn and Elizabeth R. Cohn appeal from a judgment of the United States District Court for the Southern District of New York, John E. Sprizzo, *Judge,* awarding the government judgment on the pleadings and denying the Cohns' motion for class certification. The Cohns dispute the manner in which the Internal Revenue Service ("IRS") calculates interest on tax deficiencies. We affirm because the statutory language and legislative history of the relevant statute fully support the IRS's position. We write only because the matter, while simple and straightforward, is apparently one of first impression in this circuit.

For many years, the Internal Revenue Code prohibited the imposition of compound interest in calculating interest on tax deficiencies. As a result, the IRS exacted only simple interest on any taxes owed until the date of payment. That bar on compound interest was lifted by the Tax Equity and Fiscal Responsibility Act of 1982, Pub.L. No. 97–248, § 344, 96 Stat. 635 ("TEFRA"). TEFRA permitted the IRS to compound interest daily on any tax owed as of December 31, 1982 and thereafter. The Cohns argue that such compound interest may be based only on taxes owed as of December 31, 1982, but not on the aggregate amount of taxes plus simple interest that had accrued to that date. This argument is without merit.

As the district court properly held, the statute is clear on its face and in no manner suggests that the IRS is prohibited from imposing compound interest on taxes and simple interest due at the time that TEFRA went into effect. Indeed, the legislative history of TEFRA directly contradicts the Cohns' interpretation of the statute. The Conference Committee Report clearly states that the

> compounding requirement would apply to interest accruing after December 31, 1982, on amounts (*including interest*) remaining unpaid after that date.

\* \* \* \* \* \*

\* \* \* In a case in which the principal portion of an obligation is satisfied, and

interest remains outstanding, such interest will, of course, be compounded. H.R.Conf.Rep. No. 97–760, 97th Cong., 2d Sess. 595–96 (1982) (emphasis added), *reprinted in* 1982 U.S.Code Cong. & Admin. News 781, 1367–68. Since the conference report sets forth the final agreement of both houses, it is entitled to great weight in determining congressional intent. *See, e.g., Demby v. Schweiker,* 671 F.2d 507, 510 (D.C.Cir.1981).

Accordingly, the judgment of the district court is affirmed. Because judgment was awarded on the pleadings, we find it unnecessary to reach the issue of whether the motion for class certification was properly denied.