**Herbert M. GANNET and Ruth Gannet, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 88–1214.**

United States Court of Appeals, Federal Circuit.

June 15, 1989.

Herbert M. Gannet, Newark, N.J., pro se.

William S. Rose, Jr., Asst. Atty. Gen., Gary R. Allen, William S. Estabrook and Kevin M. Brown, of Dept. of Justice, Washington, D.C., submitted for defendant-appellee.

Emily A. Parker and Mary J. Claiday, Thompson & Knight, Dallas, Tex., were on the brief for amicus curiae, Chevron Corp.

Before ARCHER and MICHEL, Circuit Judges, and SKELTON, Senior Circuit Judge.

ARCHER, Circuit Judge.

This appeal is from the United States Claims Court, No. 476–86 T, in which the cross motion of the United States (government) for summary judgment was granted, the motion by appellants, Herbert M. Gannet and Ruth Gannet (Gannet), for summary judgment was denied, and Gannet's complaint was dismissed. We affirm.

I

On September 4, 1985, Gannet filed amended federal income tax returns for the years 1978, 1979, 1980 and 1981, reflecting additional tax liabilities. Checks for the amounts owed plus interest were transmitted with the amended returns. Subsequently, the Internal Revenue Service (IRS) issued assessments to Gannet for the additional tax and interest resulting from Gan-

net's amended income tax returns. The IRS interest assessments were higher than the amounts previously paid because the IRS assessed interest on the accrued but unpaid interest.[1] Gannet paid the additional amounts, applied for a refund, and, after denial of that application, sued in the Claims Court for a refund.

The only issue on appeal is whether the Claims Court erred in concluding that the IRS properly assessed and collected, from January 1, 1983 to the date of payment, compound interest on the interest that had accrued through December 31, 1982 on Gannet's unpaid tax obligation.

Compounding of interest was first authorized by section 344 of the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub.L. No. 97–248, § 344, 96 Stat. 324, 635 (codified at 26 U.S.C. §§ 6601 and 6622 (1982)). For many years prior to enactment of TEFRA, the Internal Revenue Code prohibited the imposition of compound interest and the IRS imposed only simple interest on unpaid taxes.

TEFRA section 344, which added section 6622 to the Internal Revenue Code of 1954,[2] and repealed former section 6601(e)(2), provides:

> (c) Effective Date—The amendments made by this section shall apply to all interest accruing after December 31, 1982.

Codified in the note to 26 U.S.C. § 6622 (1982).

> Section 6622 provides, in pertinent part:
> (a) General Rule—In computing the amount of any interest required to be paid under this title ... by the Secretary or by the taxpayer ... such amount shall be compounded daily.

26 U.S.C. § 6622 (1982).

Before repeal, section 6601(e)(2) stated that "[n]o interest under this section shall

---

1. Gannet computed the interest owed for each year at issue by compounding it daily after December 31, 1982, on only the unpaid tax liability as of December 31, 1982. The IRS computed the interest due by compounding it daily after December 31, 1982, on the total amount, including interest, unpaid as of December 31, 1982.

2. Statutory references are to the Internal Revenue Code of 1954, as amended. The Code was designated the Internal Revenue Code of 1986 by the Tax Reform Act of 1986, Pub.L. No. 99–514, § 2, 100 Stat. 2085, 2095.

be imposed on the interest provided by this section." 26 U.S.C. § 6601(e)(2) (1976).

Gannet contends that the statutory provisions are unambiguous and permit compounding only with respect to interest that accrues after the effective date. In his view the Claims Court erred in holding that the unassessed, simple interest on unpaid taxes, which had accrued before the effective date, must be included in the base to which the compound interest rule is applied. Because he believes the language of the statute susceptible of only one interpretation, Gannet argues that statements contained in the legislative history concerning the operative effect of the compounding provision and the subsequent regulatory implementation of that provision by the Treasury Department are irrelevant.

A brief amicus curiae was filed in this appeal by Chevron Corporation which, in addition to supporting Gannet's position, urges that the Claims Court and the government inappropriately "focused exclusively on the effective date of section 6622 of the Code (which provides for the compounding of interest accruing after 12/31/82) rather than the terms of section 6601 of the Code (which specifies the amounts upon which interest is imposed)." Without detailing the contentions of amicus, it is sufficient to say that amicus interprets section 6601(a) and (e)(1) as providing that interest is not due until it is assessed and that the compounding provisions can only be applied to pre–1983 interest that has been assessed.

The government reads the statutory amendments made by section 344 of TEFRA to reach a conclusion diametrically opposed to that of Gannet. Moreover, it contends that all relevant secondary authority supports its view and not that of Gannet. With regard to the alternative argument of amicus, the government contends that it is based on an erroneous reading of other provisions of the statute and would produce anomalous and unintended results, including "depriv[ing] the United States of *all* interest otherwise due and owing on deficiencies until the Commissioner makes notice and demand" for payment of the tax deficiency. The government notes that "in the normal course, notice and demand is not made until all deficiency procedures have been followed," including a decision by the United States Tax Court if a taxpayer petition is filed in that court.

## II

The starting point in every case involving construction of a statute is the language itself. *Commissioner v. Engle,* 464 U.S. 206, 214, 104 S.Ct. 597, 602–03, 78 L.Ed.2d 420 (1984); *Neptune Mut. Ass'n Ltd. v. United States,* 862 F.2d 1546, 1549 (Fed. Cir.1988). We are convinced that under the plain language of the statute the IRS has correctly interpreted and applied the statute.

Section 6601(a) of the Code prescribes the payment of interest on unpaid taxes at the rate of interest set forth in Section 6621 from the due date ("last date prescribed for payment") to the date paid. 26 U.S.C. § 6601(a) (1982). Section 6622 of the Code, which was added by TEFRA, provides that "such interest [i.e., the rate in section 6621] ... shall be compounded daily." 26 U.S.C. § 6622(a) (1982). The repeal in TEFRA of subparagraph (2) of section 6601(e) was necessary to permit the compounding that was required by the addition of section 6622. That subparagraph had prevented interest compounding by stating that "[n]o interest under this section shall be imposed on the interest provided by this section." 26 U.S.C. § 6601(e)(2) (1976). Section 6601(e)(1) which remained in the statute treats accrued interest as part of the unpaid tax so that interest is computed on the sum of the unpaid tax plus the accrued interest. 26 U.S.C. § 6601(e)(1) (1982). This, too, has the effect of compounding, which section 6622 provides shall be on a daily basis.

These provisions, standing alone, would have made compounding of interest retroactively applicable to all outstanding tax obligations. Congress, however, limited the applicability of the new compounding provisions by an effective date provision in TEFRA, so that they would not apply retroactively. Section 344(c) of TEFRA

provides that the amendments made by Section 344 "shall apply to all interest accruing after December 31, 1982." Concomitantly, since the compounding requirement is inapplicable before January 1, 1983, simple interest continued to be required, as under the unamended law, until December 31, 1982. There is nothing in the statute to indicate that this limited relief from compounding was intended to prevent compounding from applying to all unpaid amounts, including interest, outstanding on and after the effective date.

In analyzing these same statutory sections, the amicus reaches a different conclusion. In doing so, amicus asserts that the repeal of section 6601(e)(2) was a conforming amendment to permit the imposition of section 6622 interest on past due interest, as well as on past due tax, but that this repeal did not authorize interest on interest that is not past due. To be due, according to this contention, a notice and demand for payment of the interest by the Commissioner of Internal Revenue is required. The amicus brief states: "the repeal of section 6601(e)(2) by TEFRA was merely a return to imposing interest on past due interest as under the Internal Revenue Code of 1939." There is nothing in the TEFRA legislation, nor in its legislative history, that indicates that Congress intended to return to a concept of the Internal Revenue Code of 1939, which amicus says is the basis of its contention.

We turn next to the legislative history to see if Congress "clearly expressed" any legislative intent contrary to our conclusion based on the plain language of the statute. *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980); *Tennessee Valley Auth. v. Hill,* 437 U.S. 153, 187 n. 33, 98 S.Ct. 2279, 2298 n. 33, 57 L.Ed.2d 117 (1978). The legislative history shows that the Congress intended to apply the compound interest legislation to *all* unpaid interest on the effective date of section 344. The conference report on TEFRA, H.R.Conf.Rep. No. 760, 97th Cong., 2d Sess. 595–596, *reprinted in* 1982 U.S.Code

Cong. & Admin.News 781, 1367–68, stated that the "compounding requirement would apply to interest accruing after December 31, 1982, on amounts *(including interest) remaining unpaid after that date.*" (Emphasis added.) Further, it provided that "[i]n a case in which the principal portion of an obligation is satisfied, and interest remains outstanding, such interest will, of course, be compounded." *Id.*

Section 344 of TEFRA originated in the Senate, and the Senate report anticipated that the Secretary would prescribe tables or formulas which would permit taxpayers to compute the compound interest themselves. S.Rep. No. 494, 97th Cong., 2d Sess. 305, *reprinted in* 1982 U.S.Code Cong. & Admin.News 781, 1047. In this regard, Rev.Proc. 83–7, 1983–1 C.B. 583 was issued after enactment and provided that:

> Interest on tax ... outstanding as of December 31, 1982, will be computed in accordance with Section 3.01. At that time, all tax ... and *interest (whether or not assessed)* will be added together to determine the amount to be carried over on which daily interest will be charged under the compounding rules. (Emphasis added.)

The Treasury Regulations on Procedure and Administration (1954 Code) contain a similar requirement:

> (c) *Applicability to unpaid amounts on December 31, 1982*—(1) *In general.* The unpaid interest (or other amount) that shall be compounded daily *includes the interest* (or other amount) *accrued but unpaid on December 31, 1982.* (Emphasis added.)

26 C.F.R. § 301.6622–1(c) (1984).

Thus, the IRS' interpretation of the statutory provisions parallels the plain language and its legislative history. "Deference is ordinarily owing to the agency construction if ... the regulation 'implement[s] the congressional mandate in some reasonable manner.'" *United States v. Vogel Fertilizer Co.,* 455 U.S. 16, 24, 102 S.Ct. 821, 827, 70 L.Ed.2d 792 (1982) (quot-

ing *United States v. Correll*, 389 U.S. 299, 307, 88 S.Ct. 445, 449–50, 19 L.Ed.2d 537 (1967)).

In view of the plain language of the statutory changes made by TEFRA, the legislative history and the agency's interpretation of the statute, we are convinced that the Claims Court's decision was correct.

AFFIRMED.