**RJR NABISCO, INC.**

v.

**UNITED STATES of America.**

**No. 1:89–cv–2109–GET.**

United States District Court, N.D. Georgia, Atlanta Division.

Jan. 16, 1991.

David DeCoursey Aughtry, Atlanta, Ga., Andrew L. Frey, Washington, D.C., for plaintiff.

Amy Berne Kaminshine, Office of U.S. Atty., Atlanta, Ga., Elizabeth Sullivan, U.S. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

G. ERNEST TIDWELL, District Judge.

The above-styled motion is before the court on cross-motions for summary judgment.

In this proceeding, plaintiff, RJR Nabisco, Inc. ("RJR"), seeks to recover a portion of the interest payment it paid to the defendant, the Internal Revenue Service ("IRS"), on a tax deficiency and penalty. All of the facts have been stipulated to and both parties have filed motions for summary judgment.

On August 22, 1980 the IRS assessed an income tax deficiency against RJR for the taxable years 1971–1974. On February 1, 1982, RJR paid $60 million to the IRS pursuant to an administrative procedure which permits a taxpayer to make advance payments during the pendency of a tax dispute in order to terminate the running of interest on the disputed tax. *See* Rev.Proc. 64–13, 1964–1 (Part I) C.B. 674. Prior to 1983, and at the time RJR made the advance payment, unpaid tax deficiencies and penalties incurred only simple interest.

RJR designated its advance payment as a deposit in the nature of a cash bond for the payment of any tax thereafter found to be due for the taxable years in question. By letter dated February 2, 1982, the IRS acknowledged receipt of the advance payment and confirmed that the running of interest on any ultimate tax deficiency satisfied by the advance payment had terminated on the date of the IRS's receipt of the advance payment.

On July 16, 1985, both parties agreed to a settlement of the tax deficiency and penalties and that the aggregate amount owed by RJR was $51,759,762. On August 28, 1985, the IRS sent four notices to RJR which set forth the tax deficiency, including interest due, for the taxable years 1971–1974. These notices stated that the agreed upon tax deficiency and penalty of $51.7 million had been paid by the $60 million advance payment (the remaining $8.3 million, as requested by RJR, was applied to tax deficiencies in other taxable years which are not relevant to this proceeding).

The interest claimed to be due by the IRS has two components. The first component is simple interest ($33,253,165) and is not in dispute in this proceeding. The second

component is compound interest which was computed on the unpaid simple interest amount of $33 million from January 1, 1983 through August 28, 1985. The aggregate amount of compound interest which is in dispute is $12,861,568.

■ The IRS claims that it is entitled to compound interest pursuant to 26 U.S.C. § 6622(a) which provides that

in computing the amount of any interest to be paid under this title or sections 1961(c)(1) or 2411 of title 28, United States Code, by the Secretary or by the taxpayer, or any other amount determined by reference to such amount of interest, such interest and such amount shall be compounded daily.

This statute was added to the Internal Revenue Code by section 344 of the Tax Equity and Fiscal Responsibility Act of 1982 ("TEFRA"). Section 344(c) of TEFRA sets forth the effective date of section 6622(a):

The amendments made by this section [enacting this section and amending section 6601 of this title] shall apply to interest accruing after December 31, 1982. TEFRA, Pub.L. 97–248, Title III, sec. 344(c), (Sept. 3, 1982).

RJR contends that the compounding rule is inapplicable to RJR's simple interest indebtedness which was no longer accruing as of December 31, 1982, and alternatively, that if it is applicable, the IRS by its conduct should be estopped from seeking compound interest.

On September 6, 1985, RJR paid the IRS all interest claimed. RJR submitted timely claims to the IRS for a refund of the compound interest paid and RJR's claims were denied and the instant suit was filed.

The "starting point in every case involving construction of a statute is the language itself." *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 330, 98 S.Ct. 2370, 2375, 57 L.Ed.2d 239 (1978). RJR contends that the statute is unambiguous and that the language clearly applies only "to interest accruing after December 31, 1982." However, the language of section 344(c) does not limit the imposition of compound interest *only* to circumstances in which simple interest is accruing after December 31, 1982.

Since the statute does not explicitly answer the problem presented in this case, the legislative history must be examined to determine the congressional intent. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1559 (11th Cir.1989). The legislative history of TEFRA clearly establishes an intent by Congress to subject unpaid simple interest accrued prior to January 1, 1983 to the compounding requirement of TEFRA. The Conference Committee report on the final version of TEFRA states that "in a case in which the principal portion of an obligation is satisfied, and interest remains outstanding, such interest will, of course, be compounded." Conference Report to Accompany H.R. 4961, Tax Equity and Fiscal Responsibility Act of 1982, S.Rep. No. 530, 97th Cong., 2d Sess. at 596 (1982) U.S.Code Cong. & Admin.News 1982, pp. 781, 1368. Application of the compounding rule in this case is also consistent with the legislative purpose in enacting the compound interest provision. Congress sought to remove the economic incentive which might induce some taxpayers to delay resolution of tax controversies. S.Rep. No. 494, 97th Cong., 2d Sess. Vol. I at 305 (1982) U.S.Code Cong. & Admin.News 1982, p. 1047.

The United States Courts of Appeal for the Federal Circuit, the Second Circuit and the Ninth Circuit have considered the issues involved in this case and have upheld the position of the IRS as to the imposition of compound interest on simple interest that is unpaid on and after the effective date of TEFRA. *See Gannet v. U.S.*, 877 F.2d 965 (Fed.Cir.1989); *Cohn v. U.S.*, 872 F.2d 533 (2nd Cir.1989) *cert. denied*, —— U.S. ——, 110 S.Ct. 145, 107 L.Ed.2d 103 (1989); *Purer v. U.S.*, 872 F.2d 277 (9th Cir.1989). In *Gannet*, the taxpayer sought a refund for amounts paid pursuant to the IRS's computation of interest on unpaid taxes. The court stated that while the effective date of TEFRA prevents the retroactive application of compound interest, "there is nothing in the statute to indicate that this limited relief was intended to prevent compounding from applying to all un-

**818**

paid amounts, including interest, outstanding on and after the effective date." *Gannet* at 968. The court concluded that Congress intended for compound interest to apply to *all* unpaid interest on the effective date of TEFRA.

In *Purer*, taxpayers made a claim for a tax refund. The taxpayers contended that the IRS improperly assessed compound interest on the accumulated simple interest which had accrued on their tax deficiency prior to January 1, 1983. The court held that the change in the calculation of interest on tax deficiencies applied not only to the principal due but also to any accumulated unpaid interest. "The compounding requirement applies in determining interest after December 31, 1982, on any amount, whether principal or interest, owing on or after January 1, 1983 ... the unpaid interest ... that shall be compounded daily includes the interest ... accrued but unpaid on December 31, 1982." *Purer* at 278.

In *Cohn*, the taxpayers claimed that IRS was not entitled to impose compound interest on simple interest due at time TEFRA went into effect. The court found their argument without merit, stating "the statute is clear on its face and in no manner suggests that the IRS is prohibited from imposing compound interest on taxes and simple interest due at the time TEFRA went into effect." *Cohn* at 533.

The present case is distinguishable from the cases cited above in that prior to the effective date of TEFRA, RJR made an advance payment of the entire tax deficiency. In the cases cited, the tax deficiency had not been paid and there was interest not only owing, but also accruing. However, this factual distinction is not crucial to the legal reasoning expressed in the courts' opinion and does not affect the validity or the application of the reasoning to the facts of this case. While this court is not bound by the decisions in *Gannet, Purer,* and *Cohn,* this court does feel compelled to follow the legal precedent established by said decisions. Therefore, this court concludes that the IRS acted within its authority in computing interest on a compound basis upon the unpaid simple

interest between January 1, 1983 and August 28, 1985.

█ RJR also contends that even if section 344(c) of TEFRA would otherwise permit collection of compound interest in this case, the IRS's action is independently improper because it violates the terms of Rev. Proc. 64–13 under which RJR made its advance payment in February 1982. At the time Rev.Proc. 64–13 was enacted, compound interest could not legally be imposed on a tax deficiency. Therefore, this procedure could only apply to the accrual of simple interest. The only commitment by the IRS on which RJR relied was the termination of simple interest accrual on the tax deficiency based upon its advance payment. By assessing compound interest on the unpaid pre–1983 simple interest, the IRS did not repudiate its commitment and cannot be estopped from actions within its statutory authority, particularly when its actions are based upon and required by subsequent statutory enactment.

Based on the foregoing, RJR's motion for summary judgment is DENIED and IRS's motion for summary judgment is GRANTED.

SO ORDERED.