DENNIS KLEIN, PETITIONER *v*. COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT

Docket No. 1382–10.          Filed July 27, 2010.

P filed a bankruptcy petition in December 2007 that the
Bankruptcy Court dismissed in March 2009; and P filed a
second bankruptcy petition in October 2009, 7 months after
the Bankruptcy Court had dismissed his first case. Two weeks
later R issued P a notice of deficiency for 2006. In January
2010 (13 weeks after he filed his second bankruptcy petition
and while the second bankruptcy case was still pending) P
filed a petition in this Court for redetermination of the defi-
ciency. After the Bankruptcy Court dismissed P's second
bankruptcy case, he filed a succession of four more bank-
ruptcy petitions—three of which the Bankruptcy Court has
dismissed; the latest case, his sixth, is still pending. *Held*:
Pursuant to 11 U.S.C. sec. 362(c)(3) (2006), the automatic stay
arising from P's second bankruptcy petition terminated in
November 2009—i.e., 30 days after P filed that bankruptcy
petition. The stay therefore did not bar the commencement of
P's deficiency case under 11 U.S.C. sec. 362(a)(8), and this
Court has jurisdiction to consider P's deficiency case. *Held*,
*further*, pursuant to 11 U.S.C. sec. 362(c)(4), no automatic
stay arose following P's third, fourth, fifth, and sixth bank-
ruptcy petitions because P had two or more bankruptcy cases
dismissed during the year before he filed each of those bank-
ruptcy petitions. Therefore, 11 U.S.C. sec. 362(a)(8) does not
stay the continuance of this deficiency case.

Dennis Klein, pro se.
*Frederick C. Mutter*, for respondent.

OPINION

GUSTAFSON, *Judge*: By a statutory notice of deficiency
dated October 26, 2009, the Internal Revenue Service (IRS)
determined a deficiency of $1,201 in petitioner Dennis Klein's

166

2006 Federal income tax, with additions to tax totaling $438.37 pursuant to section 6651(a)(1) and (2) of the Internal Revenue Code ("I.R.C.", 26 U.S.C.). Mr. Klein brought this case pursuant to I.R.C. section 6213(a), asking this Court to redetermine the deficiency and additions to tax. However, since December 2007 Mr. Klein has filed the following six petitions in the U.S. Bankruptcy Court for the Middle District of Pennsylvania (hereinafter, "the Bankruptcy Court"), five of which that court has dismissed: [1]

| Docket No. | Date filed | Date dismissed |
|---|---|---|
| 5:07–bk–53221 | Dec. 11, 2007 | Mar. 11, 2009 |
| 5:09–bk–08010 | Oct. 13, 2009 | Feb. 9, 2010 |
| 5:10–bk–01012 | Feb. 9, 2010 | Mar. 3, 2010 |
| 5:10–bk–01942 | Mar. 11, 2010 | Apr. 6, 2010 |
| 5:10–bk–02809 | Apr. 6, 2010 | May 25, 2010 |
| 5:10–bk–04614 | June 2, 2010 | - - - |

Because those bankruptcy filings provoke questions about our jurisdiction over this case, we ordered the parties to show cause why the case should not be dismissed for lack of jurisdiction. For the reasons explained below, we hold that the automatic stay imposed by 11 U.S.C. section 362(a)(8) does not deprive us of jurisdiction or prevent the continuation of proceedings here.

## *Background*

### *Mr. Klein's first two bankruptcy petitions*

On December 11, 2007, Mr. Klein filed a bankruptcy petition—apparently his first—under Chapter 13 of the Bankruptcy Code. The Bankruptcy Court dismissed Mr. Klein's first bankruptcy case on March 11, 2009.

On October 13, 2009—i.e., seven months after the dismissal of his first bankruptcy case—Mr. Klein filed a second bankruptcy petition under Chapter 13. Mr. Klein did not move the Bankruptcy Court to issue any order pertaining to the automatic stay. [2]

---

[1] We take judicial notice of the records of these bankruptcy cases, pursuant to Rule 201 of the Federal Rules of Evidence.

[2] The Government also did not move the Bankruptcy Court to issue any order pertaining to the automatic stay. One creditor, apparently a bank holding a mortgage on Mr. Klein's resi-
Continued

*Notice of deficiency and Tax Court petition*

On October 26, 2009, the IRS mailed to Mr. Klein the notice of deficiency for taxable year 2006.[3] On January 15, 2010 (i.e., while his second bankruptcy petition was still pending, but more than 30 days after he filed his second bankruptcy petition), Mr. Klein filed his Tax Court petition commencing this case. He is the sole petitioner named in the petition. Mr. Klein resided in Pennsylvania when he filed his petition with this Court.

*Mr. Klein's third, fourth, fifth, and sixth bankruptcy petitions*

On February 9, 2010, the Bankruptcy Court dismissed Mr. Klein's second bankruptcy case (filed in October 2009); and on the same date Mr. Klein filed his third bankruptcy petition under Chapter 13. The Bankruptcy Court dismissed that third case on March 3, 2010. On March 11, 2010, Mr. Klein filed his fourth bankruptcy petition under Chapter 13. On April 6, 2010, the Bankruptcy Court dismissed that fourth case (and denied a motion to reconsider the dismissal of his third case); and on the same date Mr. Klein filed his fifth bankruptcy petition. The Bankruptcy Court dismissed the fifth case on May 25, 2010; and Mr. Klein filed his sixth Chapter 13 petition on June 2, 2010. The bankruptcy trustee has filed a motion to dismiss that sixth case for failure to file a complete list of creditors; but as far as we know, the sixth case is still pending.

## *Discussion*

Proceedings in this case overlap with bankruptcy proceedings in two significant respects: First, Mr. Klein filed his petition here in January 2010—after the October 2009 filing of his second bankruptcy petition and before the Bankruptcy Court dismissed that second case in February 2010. Second, Mr. Klein's sixth bankruptcy petition filed in June 2010 is

dence, moved for relief from the automatic stay, filing the motion more than 30 days after Mr. Klein filed his second bankruptcy petition. The Bankruptcy Court did not rule on the bank's motion for relief but effectively terminated the automatic stay when it dismissed the second case altogether in February 2010. See 11 U.S.C. sec. 362(c)(2); *Lomagno v. Salomon Bros. Realty Corp.*, 429 F.3d 16, 17 (1st Cir. 2005).

[3] Under 11 U.S.C. section 362(b)(9)(B), a bankruptcy filing does not operate as a stay of "the issuance to the debtor by a governmental unit of a notice of tax deficiency". Consequently, the propriety of the IRS's issuance of the notice of deficiency is not in question here.

apparently still pending. These overlaps raise questions about the automatic stay provisions of the bankruptcy law.

I. *The general rule*

Under 11 U.S.C. section 362(a), the filing of a bankruptcy petition—

operates as a stay, applicable to all entities, of—

\* \* \* \* \* \* \*

(8) the commencement or continuation of a *proceeding before the United States Tax Court* \* \* \* *concerning the tax liability of a debtor* who is an individual for a taxable period ending before the date of the order for relief under this title. [Emphasis added.]

Thus, as a general rule, the filing of a bankruptcy petition gives rise to an automatic stay that bars the "commencement or continuation" of a Tax Court suit. If nonetheless a petition is filed with the Tax Court after a bankruptcy petition has been filed, then the automatic stay bars "commencement" of the Tax Court suit. In that circumstance the Tax Court lacks jurisdiction over the deficiency proceeding and must dismiss the case. *Thompson v. Commissioner*, 84 T.C. 645, 648 (1985). If a Tax Court petition is timely filed *before* the bankruptcy petition is filed, then the automatic stay bars the "continuation" of the Tax Court case; and proceedings in the Tax Court normally are stayed until the case is closed or dismissed or a discharge is granted or denied, see 11 U.S.C. sec. 362(c)(2), or the stay is lifted by the bankruptcy court, see 11 U.S.C. sec. 362(d).

The automatic stay generally prevents the commencement or continuation of any proceedings in this Court—thereby vesting in the bankruptcy court the discretion to control the adjudication of tax liabilities. The bankruptcy court either can maintain the stay and redetermine the liability itself, see 11 U.S.C. sec. 505(a), or can lift the stay and allow a Tax Court case to proceed, *Halpern v. Commissioner*, 96 T.C. 895, 902 (1991). This fosters judicial economy by avoiding duplicative adjudication. [4]

---

[4] The provisions in 11 U.S.C. section 362(c)(3) and (4) that terminate a stay or keep it from going into effect thereby create the possibility of duplicative proceedings in the Tax Court and the Bankruptcy Court (a circumstance that does not appear to be present here). However, in such an instance both parties in the Tax Court case would also be parties in the bankruptcy case, and they would therefore have the opportunity to advise each court that the other court

Continued

Mr. Klein filed his Tax Court petition during the pendency of his second bankruptcy suit. If the automatic stay provision applied at that time, then we lack jurisdiction over this case. Consequently, we must decide whether a stay arising from his second bankruptcy petition barred the "commencement" of this tax deficiency case in January 2010 and deprived this Court of jurisdiction, or whether instead an exception to the automatic stay prevented its operation here. If commencement of this case was not barred, we must decide whether the pendency of that second bankruptcy suit or any of the subsequent four suits bars the "continuation" of this case.

## II. *Exceptions to the automatic stay*

The general rule of 11 U.S.C. section 362(a) is subject to two pertinent exceptions, given in section 362(c)(3) and (4). The exception in paragraph (4) is simpler to analyze, and it provides a helpful prelude to the more complex provision in paragraph (3). We therefore take these provisions out of numerical and logical order to discuss first paragraph (4).

### A. *Two petitions dismissed within the previous year*

Title 11 U.S.C. section 362(c)(4)(A)(i) provides that—

> if a single or joint case is filed by or against a debtor who is an individual under this title, and *if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed*, other than a case refiled under section 707(b), *the stay under subsection (a) shall not go into effect* upon the filing of the later case * * *. [Emphasis added.]

This exception to the automatic stay applies when there have been "2 * * * cases * * * within the previous year * * * dismissed". When that prerequisite is met, the statute provides simply and without condition that the automatic stay "shall not go into effect" upon the filing of any bankruptcy petition within a year of those dismissals.

Assuming that we are not deprived of jurisdiction by the second bankruptcy petition (discussed below in part II.B), this provision preempts the automatic stay that otherwise would have arisen upon the filing of Mr. Klein's third, fourth, fifth, and sixth bankruptcy petitions: In the "previous year" to each of Mr. Klein's third through sixth bankruptcy peti-

---

intended to address the tax issues—and it would presumably be in the parties' interest to do so.

tions, the Bankruptcy Court had dismissed two or more of his prior cases. See table, *supra* p. 167. (Before Mr. Klein filed his most recent bankruptcy petition—his sixth, filed in June 2010—the Bankruptcy Court had dismissed *four* of his petitions in the previous year.) Consequently, under 11 U.S.C. section 362(c)(4), the automatic stay did "not go into effect" as the result of the filing of Mr. Klein's third, fourth, fifth, and sixth bankruptcy petitions (in February, March, April, and June of 2010), and those petitions did not bar the continuation of this suit.

Thus, proceedings in this case are not currently stayed by the still-pending June 2010 bankruptcy petition, and we are not barred from continuing our proceedings in this case—*if* we have jurisdiction, to which issue we now turn.

B. *A second petition within the preceding year*

1. *The statute*

Paragraph (3) of 11 U.S.C. section 362(c) is somewhat more complicated than the simple rule of paragraph (4). Section 362(c)(3) provides:

if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, * * *

(A) the stay under subsection (a) with respect to any *action taken with respect to a debt* or property securing such debt or with respect to any lease shall terminate *with respect to the debtor* on the 30th day after the filing of the later case * * *. [Emphasis added.]

2. *The legislative history*

Congress apparently drafted subsection (c)(3) and (4) of 11 U.S.C. section 362 separately. The so-called "exploding stay" of paragraph (3) appeared first in H.R. 3150, 105th Cong. (1998), entitled the Bankruptcy Reform Act of 1998, introduced February 3, 1998; and paragraph (4) first appeared eight months later in the House conference report to H.R. 3150 on October 7, 1998. See H. Rept. 105–540, at 54 (1998); H. Conf. Rept. 105–794, at 21 (1998); see also Laura B. Bartell, "Staying the Serial Filer—Interpreting the New Exploding Stay Provisions of § 362(c)(3) of the Bankruptcy Code", 82 Am. Bankr. L.J. 201, 222–225 (2008).

The House Judiciary Committee explained in 1998 that some debtors file successive bankruptcy cases to take advan-

tage of successive automatic stays and prevent creditors from pursuing actions against their property and proposed that new Bankruptcy Code section 362(c)(3) would remedy

this problem by terminating the automatic stay in cases filed by an individual debtor * * * if his or her prior case was dismissed within the preceding year. In the subsequently filed bankruptcy case, *the automatic stay terminates* 30 days following the filing date of the case unless the court, upon request of a party in interest, grants an extension. * * * [H. Rept. 105–540, at 80; emphasis added.]

The Senate Judiciary Committee explained in 1998 that many of the worst bankruptcy system abuses involve debtors who repeatedly file petitions in bankruptcy for the sole purpose of abusing the automatic stay and that the proposed statute contains restrictions on repeat filers such that "if a bankrupt has filed for bankruptcy before, and that case was dismissed, the bankrupt will not get the benefit of the automatic stay." S. Rept. 105–253, at 27–28 (1998).

The relevant portions of 11 U.S.C. section 362(c)(3) and (4) enacted in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109–8, sec. 302, 119 Stat. 75, are identical to the statute proposed in 1998 (and passed by Congress in 2000 but vetoed by President Clinton). See Bartell, 82 Am. Bankr. L.J. at 225. In 2005 the House Judiciary Committee stated that in order to discourage bad faith repeat bankruptcy filings, the act amends

section 362(c) of the Bankruptcy Code to terminate the automatic stay within 30 days in a chapter 7, 11, or 13 case filed by or against an individual if such individual was a debtor in a previously dismissed case pending within the preceding one-year period. * * * [H. Rept. 109–31 (Part 1), at 69 (2005).]

All these descriptions of the effect of 11 U.S.C. section 362(c)(3)(A) include little nuance or qualification, and they thereby imply that the provision was to have a broad effect. This legislative history thus may suggest that Congress intended the reach of 11 U.S.C. section 362(c)(3) (terminating the stay in some circumstances) to be as broad as the reach of section 362(c)(4) (preempting the stay in other circumstances); but section 362(c)(3) uses different language, which we now analyze.

3. *The application of 11 U.S.C. section 362(c)(3)(A) to deficiency litigation*

When Mr. Klein filed his second bankruptcy petition in October 2009, his prior petition had been (in the words of the statute) "pending within the preceding 1-year period" and had been "dismissed" only seven months earlier in March 2009, thus meeting the conditions for this exception to the stay. However, 11 U.S.C. section 362(c)(3) does not declare circumstances in which the automatic stay never goes into effect but rather provides that the stay "terminate[s]" after a time (i.e., 30 days)[5] and only in certain "respect[s]". That is, the language Congress used in section 362(c)(3)(A) employs several "with respect to" phrases not present in the broad descriptions in the legislative history, see *supra* part II.B.2, and not used in the simple and unconditional language of section 362(c)(4), see *supra* part II.A. We must therefore decide whether those phrases narrow or qualify the termination in any sense relevant here. In particular,[6] this provision terminates the stay "with respect to any action taken with respect to a debt" and does so "with respect to the debtor". That language prompts two questions: whether a Tax Court deficiency suit is an "action taken with respect to a debt", and whether terminating the stay "with respect to the debtor" permits a Tax Court deficiency suit to go forward. We answer those questions in the affirmative.

a. *"[A]ction taken with respect to a debt"*

The Bankruptcy Code defines "debt" as "liability on a claim", 11 U.S.C. sec. 101(12), and defines "claim" as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured", *id.* sec. 101(5)(A). A tax liability is an amount of tax the taxpayer owes to the United States. *Sec. Flour Mills Co. v. Commissioner*, 321 U.S. 281, 284 (1944). Even

---

[5] Title 11 U.S.C. section 362(c)(3)(B) provides that, within those 30 days, a party in interest may move the bankruptcy court to extend the stay further, but no such motion was filed.

[6] Title 11 U.S.C. section 362(c)(3)(A) also provides that the stay terminates "with respect to any action taken with respect to * * * *property* securing such debt or with respect to any *lease*" (emphasis added), but we need not determine the effect of these property and lease provisions. Rather, we need only decide whether section 362(c)(3)(A) terminates the stay imposed on Tax Court proceedings by section 362(a)(8).

though unassessed, tax liabilities are deemed due and owing at the close of the taxable year. *Edelson v. Commissioner*, 829 F.2d 828, 834 (9th Cir. 1987), affg. T.C. Memo. 1986–223. The Government has a right to payment for tax liabilities; and for bankruptcy purposes, a tax liability is thus a "liability on a claim" and hence a "debt" as of the end of the taxpayer's taxable year.

Taxpayers file deficiency cases in this Court to obtain prepayment judicial redetermination of the tax liability determined by the IRS. Our decision results in a precise determination of the amount the taxpayer owes the Government for each tax and period at issue; i.e., the debt becomes judicially liquidated.

We hold, therefore, that a Tax Court deficiency case is an "action taken with respect to a debt" for purposes of 11 U.S.C. section 362(c)(3).

b. *"[T]erminate with respect to the debtor"*

The provision at issue applies, inter alia, to stays arising from actions "taken with respect to a debt" (which we have held includes a Tax Court deficiency case), but it terminates the stay "with respect to *the debtor*". (Emphasis added.) The bankruptcy courts have interpreted this latter phrase in two different ways, but neither approach restricts the termination of the automatic stay on the commencement or continuation of a debtor's Tax Court deficiency case.

Some of the courts interpreting "with respect to the debtor" note that 11 U.S.C. section 362(a), in enumerating which actions are stayed, differentiates between the debtor, property of the debtor, and property of the estate. In specifying the duration of the automatic stay, paragraphs (1) and (2) of section 362(c) distinguish between acts against property of the estate (the stay continues so long as property remains property of the estate) and all other acts (the stay continues until the case is closed or dismissed or until a discharge is granted or denied).

The language "with respect to the debtor" in 11 U.S.C. section 362(c)(3)(A) has therefore been an occasion for some bankruptcy courts to "differentiate between the debtor, property of the debtor, and property of the estate". See, e.g., *Jumpp v. Chase Home Fin., LLC*, 356 Bankr. 789, 794

(B.A.P. 1st Cir. 2006) (holding that the automatic stay terminates as to the debtor personally and as to his non-estate property but that the stay persists as to property of the bankruptcy estate). Other courts do not see those distinctions implicated in section 362(c)(3). See, e.g., *In re Daniel*, 404 Bankr. 318 (Bankr. N.D. Ill. 2009) (holding that the automatic stay terminates completely as to a serially filing spouse but remains in force as to a newly filing spouse).

However, a Tax Court case does not involve property— either estate property or the debtor's non-estate property. Rather, Tax Court cases are in personam actions for redetermination of the debtor's tax liability. Therefore, we need not decide whether "against debtor" also encompasses any in rem actions. To proceed with a Tax Court deficiency suit, it is enough that action is permitted "with respect to *the debtor*". (Emphasis added.) Even though the bankruptcy courts disagree about the scope of the termination, as is described above, none of those courts raises any question whether 11 U.S.C. section 362(c)(3) terminates the automatic stay with regard to in personam actions. See *In re Daniel*, *supra* at 321–327 (describing four possible interpretations of stay termination "with respect to the debtor", all of which terminate the stay on in personam actions). Nothing in the statutory language or the legislative history suggests less than complete termination as to the debtor.

We hold that the redetermination of a tax liability in a deficiency case is an "action taken with respect to a debt" that proceeds "with respect to the debtor". It follows that if the automatic stay "with respect to any action taken with respect to a debt" is terminated "with respect to the debtor" by 11 U.S.C. section 362(c)(3), then the stay imposed by section 362(a)(8) on the commencement and continuation of a Tax Court deficiency case is terminated.

### Conclusion

Congress intended a broad remedy to debtors' abuses of the automatic stay in bankruptcy, and it enacted 11 U.S.C. section 362(c)(3) and (4) to effect that remedy. Because the exception in section 362(c)(3)(A) does apply to Tax Court deficiency cases, the stay arising from Mr. Klein's October 2009 bankruptcy petition terminated in November 2009—*before*

the January 2010 filing of the petition in this case—and did not bar the "commencement" of this case. Under section 362(c)(4), the subsequent bankruptcy petitions do not impede the "continuation" of his case. The automatic stay of section 362(a)(8) therefore did not deprive us of jurisdiction and does not bar further proceedings in this case.

To reflect the foregoing,

*An appropriate order will be issued.*