T.C. Memo. 2012-201

UNITED STATES TAX COURT

JEFFREY VERNE SAWYER AND DIANA LORRAINE ECKER SAWYER,
Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1821-11L.                    Filed July 17, 2012.

Jeffrey Verne Sawyer and Diana Lorraine Ecker Sawyer, pro sese.

S. Mark Barnes, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioners

seek review of respondent's determination to sustain the filing of the notice of

Federal tax lien (NFTL) to collect petitioners' unpaid Federal income tax liability for

_____

[1] Unless otherwise indicated, all section references are to the Internal
Revenue Code.

2007. The sole issue for decision is whether respondent abused his discretion in sustaining the NFTL.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed the petition, petitioners resided in Nevada.

Petitioners filed a voluntary chapter 7 bankruptcy case in the U.S. Bankruptcy Court for the District of Nevada on May 31, 2007, and their debts were discharged in bankruptcy on March 25, 2008. On October 20, 2008, petitioners filed their 2007 Federal income tax return but failed to pay the tax shown as due. On the return petitioners self-reported a tax liability of $61,285 and a withholding credit of $15,339, leaving an unpaid balance of $45,946.

In November 2008 the Internal Revenue Service (IRS) audited petitioners' 2006 and 2007 tax returns. On February 10, 2009, the IRS sent petitioners an examination report proposing an increase in tax for 2006 of $60,875, interest of $9,853.74, and an accuracy-related penalty of $12,175, and a decrease in tax for

2007 of $20,805.[2]  Petitioners appealed both years to the IRS Office of Appeals (Appeals).[3]

On November 17, 2009, while petitioners' audit was still open, the IRS sent petitioners Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, with respect to their unpaid, self-reported Federal income tax liability for 2007.[4]  On December 14, 2009, the IRS received petitioners' timely filed Form 12153, Request for a Collection Due Process or Equivalent Hearing, in which they requested a collection due process (CDP) hearing to address whether the IRS should not have filed a lien while their 2007 audit was open.  Petitioners did not request that any collection alternatives be considered at the CDP hearing.[5]  On May 6, 2010, Settlement Officer Corina Mullins of Appeals sent petitioners a letter scheduling a telephone CDP hearing for June 17, 2010.

---

[2]  Petitioners would still have had an unpaid balance for 2007 if they had accepted the proposed changes to tax.

[3]  Petitioners disputed both adjustments and believed that it was "very, very likely" that they would have "no tax liability whatsoever" upon conclusion of their appeal.

[4]  The NFTL was for $49,795.38, the sum of the $45,946 which petitioners had self-reported on their 2007 return, plus $3,849.38 in interest and penalties.

[5]  Petitioners' 2008 Federal income tax return had not been filed and was past due when they submitted their CDP hearing request.

On June 7, 2010, petitioners sent Settlement Officer Mullins a letter stating that the revenue agent who conducted their audit and the Appeals officer who considered their appeal had orally informed them that a lien would not be filed while their 2007 audit was open. On June 11, 2010, petitioners reached a settlement with Appeals as to their 2006 and 2007 tax liabilities and signed Form 870, Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment. Petitioners agreed to an increase in tax of $1,463 for 2006 and a decrease in tax of $25,926 for 2007.[6]

On June 17, 2010, Settlement Officer Mullins contacted petitioners by telephone for the CDP hearing, and they stated that they were out of town and would soon provide to Settlement Officer Mullins written documentation in support of their claim. On or before July 7, 2010, petitioners sent to Settlement Officer Mullins letters that they had received from the revenue agent and the Appeals officer. These letters did not contain any representation that the IRS would not file a lien while petitioners' audit for 2007 was open. Settlement Officer Mullins determined that the documentation provided did not warrant the withdrawal of the NFTL. On December 27, 2010, respondent sent petitioners a Notice of

---

[6] Petitioners still had an unpaid balance for 2007 after this decrease.

Determination Concerning Collection Actions(s) Under Section 6320 and/or 6330 sustaining the filing of the Federal tax lien.

OPINION

## I. Jurisdiction and Standard of Review

Section 6321 imposes a lien in favor of the United States on all property and rights to property of a taxpayer liable for taxes when a demand for payment of the taxes has been made and the taxpayer fails to pay those taxes. Section 6320(a) provides that the Secretary shall furnish the taxpayer with an NFTL within five business days after the notice of lien is filed. Section 6320 further provides that the taxpayer may request an Appeals hearing within 30 days beginning on the day after the 5-day period described above. Sec. 6320(a)(3)(B), (b)(1). Section 6320(c) provides that the Appeals hearing generally shall be conducted consistent with the procedures set forth in section 6330.

Section 6330(c) provides for review with respect to collection issues such as spousal defenses, the appropriateness of the Commissioner's proposed collection actions, and the possibility of collection alternatives. Sec. 6330(c)(2)(A). The taxpayer may also challenge the amount of the underlying tax liability if a statutory notice of deficiency was not received or the taxpayer did not otherwise have an opportunity to dispute the tax liability. Sec. 6330(c)(2)(B).

Pursuant to section 6330(d)(1), within 30 days of the issuance of a notice of determination, the taxpayer may appeal the determination to this Court. Where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181 (2000). Where the validity of the underlying tax liability is not properly at issue, however, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 181.

II.      Abuse of Discretion

Petitioners' underlying tax liability is not in dispute; thus, the Court reviews Appeals' determination for abuse of discretion. See Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. To establish abuse of discretion, the taxpayer must show that the decision complained of is arbitrary, capricious, or without sound basis in fact or law. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007) (citing Sego v. Commissioner, 114 T.C. at 610, and Woodral v. Commissioner, 112 T.C. 19, 23 (1999)). In reviewing for abuse of discretion, we generally consider only the arguments, issues, and other matters that were raised at the CDP hearing or otherwise brought to the attention of Appeals. Giamelli v.

Commissioner, 129 T.C. at 115; Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioners argue that the revenue agent who audited their 2006 and 2007 returns and the Appeals officer who considered their appeal falsely represented to them that a lien would not be filed while their 2007 audit was open.[7]  We interpret, as did respondent in his opening brief, petitioners' argument to be that respondent abused his discretion in sustaining the NFTL because the IRS was equitably estopped from filing the NFTL.

"Equitable estoppel is a judicial doctrine that 'precludes a party from denying his own acts or representations which induced another to act to his detriment.'" Hofstetter v. Commissioner, 98 T.C. 695, 700 (1992) (quoting Graff v. Commissioner, 74 T.C. 743, 761 (1980), aff'd, 673 F.2d 784 (5th Cir. 1982)).

---

[7] In their petition, petitioners also argued that the NFTL was filed in violation of the automatic bankruptcy stay granted under 11 U.S.C. sec. 362(a) and that they should have been allowed payment arrangements as an alternative means of collection.  Both of these arguments lack merit.  Petitioners' debts were discharged in bankruptcy on March 25, 2008; the NFTL was filed on November 17, 2009.  The automatic bankruptcy stay terminated on the date of discharge.  See 11 U.S.C. sec. 362(c)(2)(C) (2006).  Petitioners did not request that any collection alternatives be considered at the CDP hearing, and, moreover, they would have been ineligible for collection alternatives because they were not in compliance with the tax return filing requirement for 2008.  See Vinatieri v. Commissioner, 133 T.C. 392, 400 (2009) (finding that the Commissioner's policy of requiring individuals seeking collection alternatives to be current with filing their tax returns is reasonable).

The doctrine of equitable estoppel is applied against the Commissioner "with utmost caution and restraint". Schuster v. Commissioner, 312 F.2d 311, 317 (9th Cir. 1962), aff'g 32 T.C. 998 (1959), and aff'g in part, rev'g in part First W. Bank & Trust Co. v. Commissioner, 32 T.C. 1017 (1959).

The traditional elements of equitable estoppel--all of which must be satisfied to invoke the doctrine--are: (1) a false representation or misleading silence by the party against whom the doctrine is to be invoked; (2) an error in a statement of fact and not an opinion or statement of law; (3) ignorance of the fact by the representee; (4) reasonable reliance on the act or statement by the representee; and (5) detriment to the representee. See Norfolk S. Corp. v. Commissioner, 104 T.C. 13, 60 (1995), aff'd, 140 F.3d 240 (4th Cir. 1998).

In addition to traditional elements, the U.S. Court of Appeals for the Ninth Circuit, to which an appeal in this case would lie, requires the party seeking to apply the doctrine against the Government to prove affirmative misconduct. Purcell v. United States, 1 F.3d 932, 939 (9th Cir. 1993). The aggrieved party must prove "'affirmative misconduct going beyond mere negligence'" and, even then, "'estoppel will only apply where the government's wrongful act will cause a serious injustice, and the public's interest will not suffer undue damage by imposition of the liability'." Purer v. United States, 872 F.2d 277, 278 (9th Cir. 1989) (quoting

Wagner v. Director, FEMA, 847 F.2d 515, 519 (9th Cir. 1988)). Affirmative misconduct requires "ongoing active misrepresentations" or a "pervasive pattern of false promises", as opposed to an isolated act of providing misinformation. Purcell, 1 F.3d at 940. Affirmative misconduct is a threshold issue to be decided before determining whether the traditional elements of equitable estoppel are present. Id. at 939.

Petitioners have not offered any evidence of affirmative misconduct by respondent; in fact, the record shows quite the opposite. Petitioners testified that the revenue agent and Appeals officer "made a mistake" and that the lien was "filed inaccurately because of the information given by these people." Because petitioners have not proven affirmative misconduct on the part of respondent, we need not address the traditional conditions for application of equitable estoppel. See Miller v. Commissioner, T.C. Memo. 2001-55 (citing Purcell, 1 F.3d at 939).

Furthermore, petitioners have not advanced any argument or introduced any evidence that would allow us to conclude that the determination to sustain the NFTL was arbitrary, capricious, or without sound basis in fact or law. Settlement Officer Mullins determined that the requirements of applicable law and administrative procedure were met and concluded that sustaining the NFTL appropriately balanced the need for efficient collection of taxes with petitioners' concerns regarding the

intrusiveness of the lien action.  Accordingly, we hold that respondent did not abuse his discretion in sustaining the NFTL.

To reflect the foregoing,

Decision will be entered for respondent.