T.C. Memo. 2014-231

UNITED STATES TAX COURT

JANETTA LEE PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13155-14.                    Filed November 10, 2014.

P filed a petition for redetermination with this Court on June 6, 2014. Some 3½ hours later that same day P filed a petition for bankruptcy with the U.S. Bankruptcy Court for the Northern District of California. Thereafter R moved to dismiss the case in this Court for lack of jurisdiction on the ground that the automatic stay imposed by 11 U.S.C. sec. 362(a)(8) (2012) operated to bar the commencement of a case in this Court.

<u>Held</u>: P filed her petition with this Court before she filed her petition with the bankruptcy court and thus before the automatic stay took effect. Accordingly, P properly invoked this Court's jurisdiction.

<u>Held</u>, <u>further</u>, R's motion to dismiss will be denied.

[*2]   Janetta Lee Perry, pro se.

John Chinnapongse, for respondent.

MEMORANDUM OPINION

ARMEN, Special Trial Judge:  This matter is before the Court on respondent's Motion To Dismiss For Lack Of Jurisdiction, filed August 11, 2014. Respondent moves to dismiss this case on the ground that petitioner filed a petition for bankruptcy with the U.S. Bankruptcy Court for the Northern District of California and is therefore precluded from filing a petition with this Court by virtue of the automatic stay provided by 11 U.S.C. sec. 362(a)(8) (2012).  For reasons discussed hereinafter, we shall deny respondent's motion.

Background

The record reflects and/or the parties do not dispute the following:

At the time that the petition was filed, petitioner resided in the State of California.

By notice dated March 10, 2014, respondent determined a deficiency in petitioner's income tax for 2010 of $13,160 as well as a penalty for failure to timely file under section 6651(a)(1) of $1,226.93 and a penalty for failure to

**[*3]** timely pay under section 6551(a)(2) of $899.75.[1]  See sec. 6212(a).  The notice specified as follows:  "Last Date to Petition Tax Court:  June 9, 2014".  See sec. 6213(a).

On June 6, 2014, at 1:48 p.m. EDT, petitioner filed a petition for redetermination with this Court, which petition served to commence the instant case.  See Rule 20(a).  Later that same day, at 2:11 p.m. PDT, petitioner filed a voluntary petition with the U.S. Bankruptcy Court for the Northern District of California, which petition served to commence a bankruptcy case under chapter 7 of the Bankruptcy Code, 11 U.S.C.  Thus, petitioner's bankruptcy petition was filed approximately 3½ hours after petitioner's Tax Court petition.

By a Discharge Of Debtor And Final Decree dated September 17, 2014, the bankruptcy court granted petitioner a discharge under 11 U.S.C. sec. 727 (2012) and closed the bankruptcy case.

## Discussion

Title 11 of the United States Code provides uniform procedures designed to promote the effective rehabilitation of the bankrupt debtor and the equitable distribution of her assets among her creditors.  See Prevo v. Commissioner, 123

---

[1] Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*4]** T.C. 326, 328-329 (2004); H.R. Rept. No. 95-595, at 340, 1978 U.S.C.C.A.N. 5963, 6297 (1977).  One element to achieving these objectives is the automatic stay provided by 11 U.S.C. sec. 362(a), "which generally operates to temporarily bar actions against or concerning the debtor or property of the debtor or the bankruptcy estate."  Prevo v. Commissioner, 123 T.C. at 328-329.

The filing of a bankruptcy petition invokes the automatic stay, which precludes the commencement or continuation of proceedings in this Court. 11 U.S.C. sec. 362(a)(8); see Klein v. Commissioner, 135 T.C. 166, 169 (2010); Guerra v. Commissioner, 110 T.C. 271, 274 (1998); In re Rugroden, 481 B.R. 69, 74 (Bankr. N.D. Cal. 2012).  The automatic stay generally remains in effect until the earliest of the closing of the case, dismissal of the case, or the grant or denial of a discharge.  See 11 U.S.C. sec. 362(c)(2)(C); see also 11 U.S.C. sec. 362(d) (permitting relief from the automatic stay upon order of the bankruptcy court); cf. sec. 6213(f)(1).

Petitioner filed her petition commencing the instant case with this Court before she filed her petition with the bankruptcy court, albeit by only a few hours. Because her case in this Court was commenced before the automatic stay came into effect, the automatic stay cannot serve to preclude its antecedent commencement.  See 11 U.S.C. sec. 362(a)(8).  Accordingly, the petition filed

**[\*5]** herein was not filed in violation of the automatic stay, and petitioner properly invoked this Court's jurisdiction.  See Kieu v. Commissioner, 105 T.C. 387 (1995).

Although 11 U.S.C. sec. 362(a) did not bar the commencement of proceedings in this Court, the continuation of proceedings in this Court is generally stayed until (as discussed above) such time as the automatic stay is either no longer in effect or is lifted by order of the bankruptcy court.  See 11 U.S.C. sec. 362(c)(2)(C), (d).

By order dated September 17, 2014, the bankruptcy court granted petitioner a discharge and closed the bankruptcy case.  Thus, the automatic stay terminated on that day.  See Sawyer v. Commissioner, T.C. Memo. 2012-201, 2012 WL 2912751, at \*2 n.7.  Accordingly, the automatic stay does not serve to bar the continuation of petitioner's case in this Court, and we shall not therefore issue any stay of proceedings on our own motion as we would otherwise do if the automatic stay were still in effect.

To give effect to the foregoing,

An order denying respondent's motion will be issued.